333 So.2d 322 (1976)
Emily BERTRAND, as Administratrix of the Estate of Bradley Keith Bertrand, etc., Plaintiffs and Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY et al., Defendants and Appellees.
No. 5470.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
Rehearing Denied July 1, 1976.
Granted in Part September 29, 1976.
*323 Hunt, Godwin, Painter & Roddy by David Painter, Lake Charles, for plaintiffs and appellants.
Stockwell, St. Dizier, Sievert & Viccellio by John S. Bradford, Lake Charles, for defendants and appellees.
Before HOOD, CULPEPPER and PETERS, JJ.
CULPEPPER, Judge.
This is one of four consolidated cases for the wrongful deaths of a child and his maternal grandfather. The two year old child, Bradley Keith Bertrand, drowned in an oxidation pond alleged to be an attractive nuisance. At the funeral, two days after the child's death, his maternal grandfather, Mr. George E. Bertrand, Sr., collapsed and died of a heart attack caused by emotional distress.
Four suits were filed. In No. 5470 on the docket of this Court, Mrs. Emily Bertrand, widow of George E. Bertrand, Sr., seeks damages individually and as administratrix of the estate of her deceased husband, for the wrongful death of the child. They were in the process of adopting the child, having obtained an interlocutory decree of adoption but not having secured a final decree. Additionally, Mrs. Emily Bertrand sues as administratrix of the estate of the deceased child for damages due for his wrongful death.
In companion suit No. 5471, 333 So.2d 326, Mrs. Emily Bertrand sues individually *324 and as administratrix of the estate of George E. Bertrand, Sr. for damages resulting from his wrongful death. Joining in that suit as plaintiffs are Mrs. Emily Bertrand, as natural tutrix to her two minor children, and five major children of George E. Bertrand, Sr., these children seeking damages for the death of their father.
In companion suit No. 5476, 333 So.2d 327, Mrs. Sallie Bertrand LeBlanc, seeks damages for the wrongful death of her father, George Bertrand, Sr.
In suit No. 5477, 333 So.2d 327, Mrs. Sallie Bertrand LeBlanc, the natural mother of the deceased child, seeks damages for the wrongful death of the child.
The defendants in each of the four consolidated cases are Mr. Robert James Chandler, owner of Linnwood Arms Apartments and of the oxidation pond in which the child drowned, and his liability insurer, State Farm Fire & Casualty Company.
In each suit, the district judge sustained the "exception of no right and no cause of action filed by defendants" and dismissed plaintiffs' suit. Plaintiffs in each case appealed.
The issues are: (1) Do the plaintiffs respectively have a cause of action for the death of Mr. George E. Bertrand, Sr., who died of an alleged heart attack resulting from emotional distress at the funeral of the child? (2) Do the natural mother and/or the adopting parents have a right of action for the wrongful death of the child?
For the purposes of the exception of no cause of action and the exception of no right of action, there is no dispute as to the facts set forth in the allegations of the respective petitions. These facts show that the minor child, Bradley Keith Bertrand, was born on April 20, 1972. The natural mother, Sallie Lea Bertrand, was 16 years of age and unmarried. The father is unknown. The mother later married a man named LeBlanc, but that is not material to the issues.
On October 5, 1973, the mother appeared before a notary public and two witnesses and executed an act surrendering her child to her parents, George Earl Bertrand, Sr. and Emily Bertrand, for adoption as provided by the laws of the State of Louisiana. On November 26, 1973, an interlocutory decree of adoption was signed by the juvenile judge. No final decree of adoption was ever entered.
On March 31, 1974, several members of the family were visiting in the home of Mr. and Mrs. George E. Bertrand, Sr. at Linnwood Arms Apartments in Moss Bluff, Louisiana. On that occasion, the child in question had been playing behind the apartment house with two other children. He was missed, and, after a search, he was found drowned in the oxidation pond.
The petitions allege that the oxidation pond was fenced only on three sides and was an attractive nuisance to children playing in the area. The negligence of the owner of the apartment building is alleged to have caused the death of the child on the theory of attractive nuisance.
At the funeral of the child on April 2, 1974, Mr. George E. Bertrand, Sr. is alleged to have collapsed and died of a heart attack resulting from his mental anguish brought on by the death of the child.

EXCEPTION OF NO CAUSE OF ACTION AS TO CLAIMS FOR DEATH OF MR. BERTRAND, SR.
The first issue is whether the respective plaintiffs have a cause of action for the death of Mr. Bertrand, Sr. The jurisprudential rule is settled in Louisiana that a cause of action does not lie for emotional stress or resulting physical injury caused by injury to or death of another *325 person. Black v. Carrollton Railroad Company, 10 La.Ann. 33 (1855); Sperier v. Ott, 116 La. 1087, 41 So. 323 (1906); Brinkman v. St. Landry Cotton Oil Company, 118 La. 835, 43 So. 458 (1907); Kaufman v. Clark, 141 La. 316, 75 So. 65 (1917); Seligman v. Holladay, 154 So. 481 (La.App., 2d Cir. 1934); Warr v. Kemp, 208 So.2d 570 (La.App. 3rd Cir. 1968); Voelker v. Liberty Mutual Insurance Company, 190 So.2d 136 (La.App., 4th Cir. 1966); Sabatier v. Travelers Insurance Company, 184 So.2d 594 (La.App., 4th Cir. 1966); Duet v. Cheramie, 176 So.2d 667 (La.App., 1st Cir. 1965). We are aware that this jurisprudence has been criticized. Stone, Lousiana Tort Doctrine: Emotional Distress Occasioned by Another's Peril, 48 Tul.L.Rev. 782. However, the rule is still controlling in Louisiana.
The district judge correctly sustained the exceptions of no cause of action as to the respective claims for damages for the death of Mr. Bertrand, Sr.

EXCEPTION OF NO RIGHT OF ACTION AS TO CLAIMS FOR THE DEATH OF THE CHILD
The next issue is whether the natural mother and/or her parents, who were in the process of adopting the child, have a right of action for the child's death.
LSA-C.C. Art. 2315 provides in pertinent part for the survival of death actions as follows:
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: ... (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving.
. . . . . .
"As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively."
Under this article, it is clear that a person who has adopted a child may sue for his wrongful death. In the present case, the child was being adopted pursuant to the provisions of LSA-R.S. 9:421, et seq. Under this statute, the natural mother had surrendered the child to Mr. and Mrs. Bertrand, Sr. for adoption, and the interlocutory decree had been entered, but the final decree of adoption had not been granted.
Mrs. Bertrand, Sr. contends that the natural mother lost all of her rights to the child under the following provisions of LSA-R.S. 9:429: "After the interlocutory decree has been granted by the judge, the withdrawal of consent by the "legitimate parent or parents, by the mother or ... shall not bar a final decree of adoption."
Mrs. Bertrand, Sr. urges that In re Adoption of Giambrone, 262 So.2d 566 (La.App., 4th Cir. 1972), is controlling on the issue presented here. There the court stated: "Once consent to adoption is freely and lawfully given and an interlocutory decree has been entered, the so-called natural rights of the natural parent are ended."
We do not find In re Giambrone controlling here. In Giambrone the issue presented for the court was whether withdrawal of consent by the legitimate parent was "good cause" for recalling the interlocutory decree. The court held that in accordance with LSA-R.S. 9:431 and 9:432 consent of the parents to the adoption is not a necessary requisite to the final decree. It was only with regard to withdrawal of consent by the legitimate parents that the court made the above quoted statement. We find it is inapposite in the instant case.
*326 In Rodden v. Davis, 293 So.2d 578 (La.App. 3d Cir. 1974), we held:
"Adoption is a creature of statutory law, and being in derogation of the natural right of a parent to his or her child such statutes are always strictly construed in favor of the parent. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). See also Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In re Genin, 240 So.2d 46 (La.App. 4th Cir. 1970)."
In this case the adoption was not complete. Only an interlocutory decree had been rendered. It was not certain that a final decree would be rendered granting the adoption. For example, if a petition were not filed within two years asking for a final decree of adoption, the interlocutory decree would have become null and void. LSA-R.S. 9:431. And even if such petition had been filed within the requisite time limit, the judge could still have refused to decree the child adopted, based on his considerations of "the best interest of the child." LSA-R.S. 9:432 (B). See 36 Tul.L.Rev. 201 at 220-221.
We conclude that since the final decree of adoption had not been granted, Mr. and Mrs. Bertrand, Sr. were not the mother and father of the child "by adoption" within the meaning of LSA-C.C. Art. 2315, and they have no right of action for the child's death.
We hold further that since the adoption was never completed, the natural mother, Sallie Bertrand LeBlanc, did not lose her rights to recover for the death of the child under LSA-C.C. Art. 2315.
For the reasons assigned, the judgment in the instant case, sustaining the exception of no right of action and the exception of no cause of action and dismissing plaintiffs' suit, is affirmed. All costs of the appeal in this case are assessed against the plaintiffs-appellants.
AFFIRMED.