REDMANN, Judge.
One of two defendants pleaded an exception of prescription and the trial court by mistake maintained the plea as to both on February 15,1978. At 11:07 a. m. February 23 the second defendant for the first time filed an exception of prescription, apparently in ignorance of the February 15 judgment. (That plea of prescription did not make the present brief’s assertion that defendant filed its plea “recognizing that the judgment of February 15, 1978 was void because prescription cannot be raised by the court.”) Also on February 23, at 4:57 p. m., plaintiffs moved for new trial complaining, inter alia, about the dismissal of the second defendant, which had not pleaded prescription prior to the February 15 judgment.
Both the rule for new trial and the second defendant’s exception of prescription were set for trial March 10. The record does not reflect the disposition of the rule for new trial, although both plaintiffs and the second defendant agree that that motion was [orally] denied. The record does contain a judgment dated March 28, on the second defendant’s counsel’s stationery, which simply maintains the second defendant’s exception of prescription while making no reference either to the judgment of February 15 (which itself maintained such an exception in respect to the second defendant) or to the application for new trial in respect to that judgment.
On May 5 plaintiffs moved for appeal from the judgment of February 15 “and from the motion for new trial denied on the 10th day of March, 1978.”
The second defendant now moves dismissal of the appeal, as to itself, on the ground that this court did not obtain “jurisdiction” of that aspect of the case because no appeal was taken as to the March 28 judgment.
We deny the motion to dismiss. Although the parties disagree as to what the trial judge’s oral instructions (not in the record) were on March 10, the February 15 judgment dismissed the second defendant and the March 10 action by the trial court refused to reinstate the second defendant. The evident intent of this appeal was to obtain reversal of the dismissal of the second defendant (as well as of the dismissal of the first). Plaintiffs’ motion for appeal included the March 10 ruling that later entered into a March 28 judgment, and gave the second defendant ample notice that plaintiffs were continuing the pursuit of the second defendant. The case is thus comparable to those in which an appeal purporting to be from the judgment denying a new trial was held to constitute an appeal from the principal judgment; Kirke-by-Natus Corp. v. Campbell, 1967, 250 La. 868, 199 So.2d 904; Fruehauf Trailer Co. v. Baillio, 1968, 252 La. 181, 210 So.2d 312; Smith v. Hartford Acc. & Indem. Co., 1969, 254 La. 341, 223 So.2d 826.
Motion denied.