371 So.2d 1374 (1979)
Alice C. ROCHE et al., Plaintiff and Appellant,
v.
BIG MOOSE OILFIELD TRUCK SERVICES, INC., et al., Defendant and Appellee.
No. 6988.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Rehearing Denied July 11, 1979.
*1375 Shelton & Legendre, Thomas F. Porter, Lafayette, for plaintiff and appellant.
Raggio, Farrar, Cappel & Chozen, Frederick L. Cappel, Plauche, Smith, Hebert & Nieset, James R. Nieset, Lake Charles, for defendant and appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
CULPEPPER, Judge.
This is a wrongful death action. The plaintiff, Mrs. Alice C. Roche, sues individually and as "natural tutrix" of the minors, William Donald Roche and Dawn Rachelle Roche, alleged adopted children of plaintiff and her husband, Joseph Daniel Roche. Mr. Roche was killed on December 3, 1975 while working as a roustabout for Fred Wilson Drilling Company, Inc. He was crushed when a load of heavy steel drill pipes fell from a truck owned by Big Moose Oilfield Truck Services, Inc. Named as defendants are Big Moose Oilfield Truck Services, Inc., *1376 Gardner LaCombe, driver of the truck, and their insurer, Reliance Insurance Company, all of whom are hereinafter referred to as the "Big Moose defendants". Also named as defendants are certain executive officers and employees of Fred Wilson Drilling Company and their insurer, Liberty Mutual, hereinafter referred to as the "Fred Wilson defendants".
The Fred Wilson defendants filed two exceptions. The first alleges the minor children have no right or cause of action for the death of Mr. Roche because the final decree of adoption of the children was not until January 5, 1976, approximately one month after the death of Mr. Roche. The second exception by the Fred Wilson defendants is that plaintiff has no cause of action because Act 147 of 1976, which abolishes the so-called "executive officer" actions, applies retroactively to this 1975 accident.
The Big Moose defendants also filed two exceptions. The first is the same as that filed by the Fred Wilson defendants, i.e., that the minor children were not finally adopted by Mr. Roche before his death. The second exception by the Big Moose defendants alleges that Mrs. Roche has no cause or right of action to file the present suit, since her sole remedy is to intervene in the prior suit filed by Fred Wilson's workmen's compensation insurer against Big Moose to recover workmen's compensation benefits paid. In support of this second exception, the Big Moose defendants cite LSA-R.S. 23:1102 as authority for the contention that once an action is filed by the employer or the employer's insurer under LSA-R.S. 23:1101, then the employee or his heirs must intervene in that suit or else be barred from recovery.
All of these exceptions by both sets of defendants were heard on the same date, May 1, 1978, and were taken under advisement. On July 31, 1978, the district judge rendered written reasons holding: (1) The children have no right of action since the adoption was not final; (2) Act 147 of 1976 barring executive officer suits is not retroactive; (3) Mrs. Roche has no cause of action in the present suit since under R.S. 23:1102 she must intervene in the prior suit filed by the workmen's compensation insurer against the tort feasors.
Pursuant to the written reasons rendered on July 31, 1978, a judgment was rendered and signed on August 10, 1978 in favor of only the Fred Wilson defendants sustaining their exception of no right of action as to the minor children but overruling their exception as to the retroactive effect of Act 147 of 1976. On October 9, 1978, a separate judgment was rendered sustaining both exceptions urged by the Big Moose defendants.
On November 3, 1978, plaintiffs obtained an order for an appeal from the judgment "rendered herein on July 31, 1978 and read and signed in Chambers on October 9, 1978." The motion and order for appeal does not expressly mention the judgment rendered on August 10, 1978, but the motion does pray that ultimately judgment be rendered in plaintiff's favor against all defendants.
The issues on appeal are: (1) Are both the judgment of August 10, 1978 in favor of the Fred Wilson defendants and the judgment of October 9, 1979 in favor of the Big Moose defendants before us on appeal? (2) Do the minor children have a right of action for the wrongful death of Mr. Roche where the final decree of adoption had not been signed before his death? (3) Under LSA-R.S. 23:1102, is Mrs. Roche required to intervene in the prior suit by the workmen's compensation insurer against the tort feasors rather than proceed in her present separate suit?

VALIDITY OF APPEAL AS TO FRED WILSON DEFENDANTS
The Fred Wilson defendants have not filed a motion to dismiss the appeal as to them, but they did file a brief contending that plaintiff did not appeal from the judgment of August 10, 1978 dismissing the claims of the two children against them, and that since the delays for appeal from that judgment have now elapsed the judgment is final.
*1377 At the outset, we notice that the motion and order filed by the plaintiff on November 3, 1978 is only for a suspensive appeal, and a bond was fixed in the sum of $100, but no such bond was ever furnished. Jurisprudence has established the rule that although the motion and order is for a suspensive appeal only, if the bond fixed is not filed within the delay for a suspensive appeal but is filed within the delay for a devolutive appeal, the appeal will be sustained and treated as a devolutive appeal. Succession of Garrett, 288 So.2d 659 (La. App. 3rd Cir. 1974). Under LSA-C.C.P. Article 2087, the delay for taking a devolutive appeal in the present case is within sixty days of the expiration of the delay for applying for a new trial, and thus is timely. Furthermore, under LSA-C.C.P. Article 2124, as amended by Act 176 of 1977, no security is required for a devolutive appeal, and thus none was required for a devolutive appeal in this case.
The question is whether the motion and order for appeal filed on November 3, 1978 constitutes an appeal from both the judgment of August 10, and the judgment of October 9, 1978. If it does not, the judgment of August 10, 1978 is now res judicata and is not before us.
The problem is difficult. There are early cases which support the argument of the Fred Wilson defendants that since the November 3 motion and order for appeal does not expressly state that it is an appeal from the August 10, 1978 judgment, no appeal has been taken from that judgment. For instance, in In re Guardian Homestead Association, 199 La. 216, 5 So.2d 750 (1942), which was a liquidation proceeding against an association, one judgment was rendered for the liquidator's special agent for his services, and another judgment was rendered for the liquidator's attorneys for their services, but there was only one motion and order for appeal which stated it was from the judgment in favor of the agent and the attorneys, without otherwise identifying the judgment appealed by date. Our Supreme Court dismissed the appeal on the basis that the motion and order did not sufficiently identify the judgment appealed. The court cited In re Liberty Homestead Association, 198 La. 1068, 5 So.2d 353 (1941) and Pichon v. Pichon Land Company, 174 La. 77, 139 So. 764, which also support the view that the motion and order for appeal must clearly identify the judgment appealed, as, for example, by date and by names of the appellees.
On the other hand, there are several cases which support the appellant. In Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967) a money judgment in favor of the plaintiff was read and signed on March 25, 1965. Defendant moved for a new trial, which was denied on July 6, 1965. In his motion and order for appeal, the defendant described the judgment by amount and by parties, but he erroneously gave the date as July 6, 1965. After first stating the general rule that appeals are favored and should not be dismissed except for "substantial causes", the court held that since the judgment overruling the motion for a new trial was not appealable, the only appealable judgment was that rendered on March 25, 1965, and that it was obviously the intention of the defendant to appeal from the judgment on the merits. The opinion states: "It is apparent that the allegation in the petition relating to the judgment rendered on July 6, 1965 was an inadvertent error which was neither misleading nor prejudicial to anyone involved in the litigation." The motion to dismiss the appeal was denied. This decision was followed in several later cases, including Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968) and Smith v. Hartford Accident & Indemnity Company, 254 La. 341, 223 So.2d 826 (1969).
The most recent case on the issue is Mirambell v. Lucien J. Caruso, Inc., 365 So.2d 1196 (La.App. 4th Cir. 1979), where one of two defendants filed an exception of prescription, and the trial court, by mistake, maintained the exception as to both defendants in a judgment signed on February 15, 1978. On February 23, the second defendant filed an exception of prescription. Also on February 23, plaintiffs moved for a new trial, complaining, inter alia, about the dismissal *1378 of the second defendant in the February 15 judgment. Both the motion for new trial and the second defendant's exception of prescription were heard on March 10. The motion for a new trial was denied and the second defendant's exception of prescription was sustained on March 10, and a judgment to this effect was rendered on March 28. On May 5, plaintiff moved for an appeal from the judgment of February 15 "and from the motion for a new trial denied on the 10th day of March, 1978." In the Court of Appeal, the second defendant moved to dismiss the appeal as to him on the grounds that no appeal had been taken from the March 28 judgment against him. The Fourth Circuit Court of Appeal denied the motion, stating: "The evident intent of this appeal was to obtain reversal of the dismissal of the second defendant (as well as of the dismissal of the first). Plaintiffs' motion for appeal included the March 10 ruling that later entered into the March 28 judgment, and gave the second defendant ample notice that plaintiffs were continuing the pursuit of the second defendant. The case is thus comparable to those in which an appeal purporting to be from the judgment denying a new trial was held to constitute an appeal from the principal judgment."
We express no opinion as to the correctness of Mirambell. It went farther than any case from our Supreme Court in holding that where the appellant intended to appeal a separate judgment which, through inadvertent error, was not described in the motion or order of appeal, the appeal from the separate judgment will nevertheless be entertained where no one was misled nor prejudiced. If we were to entertain the appeal at issue here, we would have to go even farther than Mirambell. In the present case, as in Mirambell, Mrs. Roche intended to appeal both the judgment of August 10 sustaining the exception filed by the Fred Wilson defendants, as well as the judgment of October 9, 1978 sustaining the exceptions filed by the Big Moose defendants. However, the present case differs from Mirambell in that here the exceptions filed by the Fred Wilson defendants were different from those filed by the Big Moose defendants, whereas in Mirambell the exceptions filed by the two defendants were the same, i.e., prescription. Furthermore, if we entertain an appeal from the judgment in favor of the Fred Wilson defendants, these defendants will be prejudiced, because if the judgment sustaining their exception as to the right of action of the minor children was not properly appealed, the issue of their liability to the minor children is now res judicata.
Although we recognize the rule that appeals are favored, there is also the rule expressed in the above cited Supreme Court cases that there must be certainty and definiteness as to what judgment is being appealed, because many important rights are affected. We think it would be a dangerous precedent to hold in the present case that there was an appeal from the judgment in favor of the Fred Wilson defendants.

RIGHT OF ACTION OF THE MINOR CHILDREN
The next issue is whether the minor children have a right of action for the wrongful death of Mr. Roche under LSA-C.C. Article 2315, which provides that if the injured person dies the right to recover damages caused by an offense or quasi offense shall survive in favor of certain listed persons, including "the surviving spouse and child or children of the deceased." The article also provides: "As used in this article, the word `child', . . . includes a child, . . . by adoption."
The facts are that Mr. and Mrs. Roche were married in 1968 and had no natural children. In 1974, the Juvenile Court for the Parish of Calcasieu decreed the children to be abandoned and awarded their custody to the Louisiana Health & Social and Rehabilitation Services Administration for placement by the agency in the best interest of the children. The children were placed by the agency in the home of Mr. and Mrs. Roche. On November 19, 1975, Mr. and Mrs. Roche applied to the Juvenile Court for the Parish of Acadia for adoption of the *1379 children in compliance with LSA-R.S. 9:421, et seq. The hearing on the final decree of adoption was set for January 5, 1976. Mr. Roche was killed on December 3, 1975.
In Bertrand v. State Farm Fire & Casualty Company, 333 So.2d 322 (La.App. 3rd Cir. 1976), a two-year old child drowned in an oxidation pond. The natural mother had surrendered the child to the child's maternal grandparents for adoption, and the grandparents had obtained an interlocutory decree of adoption, but the final decree had not been granted. We held under LSA-C.C. Article 2315 that since the final decree of adoption had not been granted the grandparents had no right of action, and that the natural mother had not lost her right of action. We cited cases holding the general rule that adoption is a creature of statutory law in derogation of the rights of natural children and parents, and therefore must be strictly construed. Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir. 1974) and the cases cited therein.
The rationale of Bertrand is controlling in the present case. We affirm the holding by the trial judge that the minor children have no right of action under Article 2315.
Mrs. Roche argues that because the children were adopted by her shortly after Mr. Roche's death, they should be treated in the same manner as posthumous children. Plaintiff also argues that since Mr. Roche intended to adopt the children, Article 2315 should be extended to include them. For the reasons set out above and more fully explained in the opinion in Bertrand, we reject these arguments.

MANDATORY DUTY OF MRS. ROCHE TO INTERVENE IN PRIOR SUIT BY WORKMEN'S COMPENSATION INSURER
The final issue on appeal is whether Mrs. Roche is required to intervene in the workmen's compensation insurer's prior suit under LSA-R.S. 23: 1102 which provides:
"If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." (Emphasis supplied)
The facts are that on December 2, 1976 the workmen's compensation insurer for Mr. Roche's employer filed suit against the Big Moose defendants under LSA-R.S. 23:1101 to recover workmen's compensation benefits paid. The present suit was filed by Mrs. Roche on December 3, 1976.
Although LSA-R.S. 23:1102 provides that if either the employee or the employer bring suit against a third person, the other "may" intervene, jurisprudence has established the rule that the employer's failure to intervene after proper notice bars him from bringing a separate suit against the third party. Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (Orl.La.App. 1951); Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1957); National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965).
Whether the same rule applies to the employee has not been clearly established in our jurisprudence. There is dicta in several cases suggesting that the rule applies to the employee as well as the employer. For example, in National Surety Corporation v. Standard Accident Insurance Company, supra, our Supreme Court held that a suit by the employer's compensation insurer against the third party tort feasor interrupted prescription as to a suit filed by the employee more than one year after the accident for the reason that there is only one cause of action under R.S. 23:1101. In dicta, the court stated:
"LSA-R.S. 23:1101, 23:1102, 23:1103, supra, do not set forth whether the injured employee or employer or the employer's insurer shall sue first; when one files suit, however, the other, if he desires recovery must intervene. The intervention is incidental despite that it is filed by the employee. Article 1031, LSA-Code of Civil Procedure, supra."
*1380 Also, in Marquette Casualty Company v. Brown, supra, where the question was whether a suit by the employer interrupted prescription as to a later suit by the employee, the court stated:
"In addition, whenever a suit is brought against the tortfeasor by either the employer or the injured employee, the statute requires that the plaintiff give notice to the other interested party. Accordingly, should the injured employee institute suit, the compensation paying employer, upon notification thereof, no longer has the right to bring an independent action; he must intervene in the employee's suit or his right to reimbursement for compensation will be lost."
This language in Marquette Casualty Company implies that regardless of whether the employer or the employee files suit first, the other must intervene or his right of action will be lost. One policy reason suggested as supporting this rule is that the third party tort feasor has a right to have his liability fixed in one proceeding.
In his written reasons, the trial judge states he "reluctantly" concludes the present jurisprudence requires the plaintiff to intervene in the prior suit filed by the employer's insurer. The trial judge was probably of the view that LSA-R.S. 23:1102 was intended by the legislature to protect the employer from losing his indemnification in the event of a suit by the employee against the third party tort feasor. Since the employee does not need similar protection of his rights against the tort feasor, the legislature may not have intended that the employee's right to sue the tort feasor be restricted to intervention in the event of a prior suit by the employer. Nevertheless, the present jurisprudence of our Supreme Court supports the trial judge's holding.
A final matter which should be mentioned is that the Fred Wilson defendants requested in their brief that in the event we find the August 10, 1978 judgment in their favor is before us on appeal, they be given the opportunity to file a brief on the merits, which they have not yet done. Since we hold the August 10, 1978 judgment was not appealed, there is no need for briefs by the Fred Wilson defendants on the merits of the right of action of the minor children.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.