527 So.2d 1099 (1988)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
ESTATE OF Grace Frances Ferrier SUMMERS, et al.
No. CA 87 1804.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
David Haymon, Baton Rouge, for plaintiff-appellee.
Thomas J. Hogan, Jr., Hammond, for defendant-appellant Brenda Bourne.
Steven Broussard, Lake Charles, for Jerome Summers.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Appellee, Jerome Summers, administrator of the estate of Grace Summers, has filed a motion to dismiss the appeal of Brenda Bourne on the grounds that the judgment from which she appeals did not determine any of her rights.
This is an expropriation suit filed by the State of Louisiana, Department of Transportation and Development, against the estate of Grace Summers; and Brenda Bourne, the lessee of the expropriated property. The estate answered and filed a reconventional demand against the State, alleging the amount of money which the State deposited into the registry of the court was substantially less than the loss actually incurred. Bourne also filed a reconventional demand against the State, seeking damages for the expropriation of her leasehold advantage. Additionally, Bourne and the estate filed incidental actions against each other for breach of their lease agreement.
Prior to trial, the estate settled its claims against the State and against Bourne, and she partially settled her claims against the estate. The remaining unsettled claims were tried on July 7, 1987. The trial court denied Bourne's claim against the estate for rent paid after the property was expropriated, *1100 and the court also denied Bourne's claim against the State for damages for the loss of her leasehold advantage.
On September 14, 1987, the trial court signed a judgment adjudicating the claims which had been settled between the State and the estate. A separate judgment was signed on September 29, 1987, which adjudicated the claims between Bourne and the estate and between Bourne and the State. Bourne subsequently filed a motion for an appeal from the judgment of September 14, 1987. The notice of her appeal of that judgment was sent to all parties on November 25, 1987.
On December 30, 1987, after the delay for appealing the judgment of September 29, 1987, had expired, Jerome Summers, administrator of the Summers estate, filed the present motion to dismiss, pointing out that Bourne was not aggrieved by the September 14, 1987 judgment, and contending that she therefore has not right to appeal. Only someone aggrieved by the trial court judgment has the right to appeal. Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594, 599 (1963). In Bourne's response, however, she states that she actually intended to appeal the judgment of September 29, 1987, but that her attorney inadvertently specified the wrong date in the motion. Noting further that the order merely states she is granted an appeal, without mentioning the date of the judgment which was appealed, Bourne argues her failure to correctly designate the judgment she is appealing is not fatal to her appeal.
In Dural v. City of Morgan City, 449 So.2d 1047 (La.App. 1st Cir.1984), this court maintained an appeal where the appellant's motion for appeal had inadvertently specified the date of the judgment denying the motion for new trial, rather than the date of the judgment on the merits. We articulated several factors to consider in determining the appellant's intent: appellant's assertions, whether the parties briefed issues on the merits of the final judgment, and the language of the order of appeal. Id. at 1048.[1]
In the present case, Bourne asserts she actually intended to appeal the judgment of September 29, 1987. In her brief on the merits, she assigns as error the trial court's actions in denying her claims which were adjudicated by the judgment of September 29. Clearly, she has no interest in appealing the judgment of September 14 and has not been aggrieved by that judgment. If we apply the rationale of Dural, it would appear that the appeal should be maintained as having been taken from the judgment of September 29, 1987. Dural, however, involved an inadvertent appeal from a judgment denying a motion for a new trial, which is generally not appealable. The only other appealable judgment in that record was the judgment on the merits. Consequently, there was no real confusion regarding which judgment appellant intended to appeal, and appellees were not prejudiced by appellant's error.
In the present case, there are two final, appealable judgments which adjudicate entirely different claims. A similar situation arose in Roche v. Big Moose Oilfield Truck Services, 371 So.2d 1374 (La.App. 3d Cir. 1979), modified on other grounds, 381 So.2d 396 (La.1980), appeal dismissed, 449 U.S. 808, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980). In that case, separate judgments were rendered on defendants' exceptions. On August 10, 1978, a judgment was signed sustaining one group of defendants' objection of no right of action. A second judgment was signed on October 9, 1978, sustaining certain exceptions filed by another group of defendants. Plaintiffs filed a motion for appeal in which they prayed for judgment *1101 against all defendants, but the order only granted them an appeal from the judgment signed on October 9, 1978.
In their brief on the merits, the first group of defendants contended plaintiffs did not appeal the judgment of August 10 and that the judgment had become final. The Third Circuit agreed and limited plaintiffs' appeal to the judgment of October 9, 1978,[2] observing that there must be certainty and definiteness as to the judgment being appealed because many important rights are affected. See also Carpenter v. Travelers Ins. Co., 402 So.2d 282, 283 n. 1 (La.App. 3d Cir.1981).
Conversely, the Fourth Circuit in Mirambell v. Lucien J. Caruso, Inc., 365 So.2d 1196 (La.App. 4th Cir.1979), broadly construed a motion for appeal to include another final judgment not specified in the order. In that case, one of two defendants filed an exception raising the objection of prescription. The trial court mistakenly maintained the plea as to both defendants on February 15, 1978. The second defendant filed an objection of prescription, and on the same day, plaintiffs moved for a new trial from the judgment of February 15. Both pleadings were set for trial on March 10. The trial court orally denied the motion for new trial at the March 10 hearing. On March 28, the court signed a judgment maintaining the second defendant's objection of prescription. Plaintiffs moved for an appeal from the judgment of February 15 and from the court's denial on March 10 of their motion for a new trial.
The second defendant filed a motion to dismiss plaintiffs' appeal as to itself on the basis that plaintiffs had not appealed the March 28 judgment sustaining their objection. The Fourth Circuit denied the motion, finding plaintiffs intended to appeal the March 28 judgment as well. The court stated plaintiffs' motion referred to the March 10 ruling which was later reduced to a written judgment and signed on March 28.
In U.S. Fire Ins. Co. v. Swann, 424 So.2d 240 (La.1982), three separate lawsuits were consolidated. The first was a suit by lessees against their lessor for damages arising out of a fire allegedly caused by defective wiring in the lessor's building. The lessor then sued the lessees for the unpaid purchase price of the business which the lessor had sold to them. The lessees' insurer also sued the lessor, alleging it was subrogated to a portion of the lessees' claim.
After the trial on the merits, the court signed two separate judgments. The first judgment, signed on July 15, 1981, adjudicated the insurer's claim. The second judgment, signed on July 17, 1981, adjudicated the interests of the lessor and the lessees. The July 17 judgment failed to give the lessor credit for the amount awarded to the insurer in the July 15 judgment. Consequently, the lessor filed a petition for appeal from the judgment of "July 16, 1981." The notice of appeal, which named all three lawsuits by number, referred only to the July 17 judgment.
The insurer then moved to dismiss the appeal of the July 15 judgment. The Supreme Court found that the lessor intended to appeal all three suits and that the confusion was caused by the combined errors of the trial judge, counsel for the insurer, counsel for the lessees, the deputy clerk, and counsel for the lessor. The court emphasized that the insurer knew the lessor intended to appeal the July 15 judgment and that it would not be prejudiced by a reinstatement of the appeal. It noted the insurer sought dismissal of the appeal based upon essentially technical errors.
In the present case, Summers does not contend he was prejudiced by Bourne's error in specifying the date of the judgment in her motion for appeal. In fact, the transcript of the hearing shows the parties were aware Bourne intended to appeal the rejection of her claim for rentals against the estate. Moreover, the fact that none of Bourne's claims were adjudicated by the *1102 judgment of September 14 indicates the parties had to know the date specified in the motion for appeal was erroneous. It is also significant that Summers did not move to dismiss this appeal until the delay for appealing the September 29 judgment had expired.
Summers nonetheless argues that other parties who were adversely affected by the September 29 judgment will be prejudiced if they are not also allowed additional time in which to appeal that judgment. This argument has no merit. Neither the estate nor the State was aggrieved by the September 29 judgment. There are no "other parties" who will be prejudiced.
Appeals are favored in the law. General Motors Acceptance Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, 191 (1965). No one was prejudiced by Bourne's misstatement of the date of the judgment she intended to appeal. Accordingly, the motion to dismiss is denied, and Bourne's appeal is maintained.
APPEAL MAINTAINED.
NOTES
[1] See also Cole v. Belknap, Inc., 495 So.2d 434 (La.App. 3d Cir.1986) (appeal of denial of motion for a new trial included appeal from final judgment on the merits); Jones v. Zumo, 479 So.2d 655 (La.App. 1st Cir.1985) (appeal from judgment denying motions for judgment notwithstanding the verdict and for a new trial included appeal from final judgment on the merits); Romaire v. Winn-Dixie Louisiana, Inc., 478 So.2d 971 (La.App. 5th Cir.1985) (appeal from judgment denying motion for a new trial and for remittitur included appeal from final judgment on the merits); Mitchell v. Windham, 469 So.2d 381 (La.App. 3d Cir.1985) (appeal from judgment of quantum included appeal from summary judgment on issue of liability).
[2] The Supreme Court in Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 398 n. 1 (La.1980), stated this "holding" was not necessary to the decision in that case, and expressly declined to resolve the procedural question.