JOHN A. PATIN, Judge Pro Tern.
Lisa M. Citizen brought suit against Charmaine Frederick, Baxter Health Care Corporation and American Manufacturers Mutual Insurance Company seeking damages for the death of her minor child. At the time of the accident which resulted in the death of the child, it was in the custody of the Louisiana Department of Social Services and in the care of foster parents. Defendants filed an exception of no right of action. The trial court granted the exception and dismissed the suit. Citizen appealed devolutively.
Citizen was fourteen when she gave birth to decedent, Natasha Citizen. She was found to be unable to financially support the child and immature and on September 6,1989, a judgment terminating her parental rights and those of the father was signed in Juvenile Court in the Parish of Acadia.
On November 13, 1989, the child was struck and killed by a vehicle allegedly driven by Frederick. At the time of her death she was living with foster parents and was awaiting permanent placement by Social Services with an adoptive family.
Appellant asserts the trial court erred in finding she had no right of action to bring her claims. She contends that the termination of parental rights does not bar her from recovering in tort as she had not lost all connections to the child.
The trial judge in his written reasons discussed to what extent parental rights are terminated when a judgment terminating parental rights is signed. He analogized it to the signing of a final adoption decree and concluded that all rights, including the right to bring a wrongful death and a survival action, no longer belonged to the biological mother.
In his reasons, the trial court cited Bertrand v. State Farm Fire & Casualty Co., 333 So.2d 322 (La.App. 3rd Cir.1976) and Simmons v. Brooks, 342 So.2d 236 (La.App. 4th Cir.1977). Both cases dealt with the effects of a final adoption decree on wrongful death actions. In Bertrand this court upheld the granting of an exception of no right of action where prospective adoptive parents sought to bring a wrongful death action for the death of a child but where no final decree of adoption had been signed. In Brooks the appellate court affirmed the granting of an exception of no right of action against an adopted child who brought suit for the wrongful death of his biological father where a final decree of adoption had been granted.
The analogy of the effects of a judgment terminating parental rights to that of a final decree of adoption is accurate. The controlling law in effect at the time of this case was La.R.S. 13:1600 et seq., since repealed. This statute contains the following definitions:
*1003 (4) “Termination of parental rights” is the permanent elimination by court order of all parental rights and duties including residual parental rights.
(5) “Residual parental rights” are those rights and responsibilities remaining with the parents after the legal transfer of custody of the child ... The said child and his lawful descendants are relieved of all of their legal duties and divested of all their legal rights with regard to the parent or other relatives except the right of inheritance.
The inference drawn from the statutory language is that the legal right normally granted parents to recover under La.Civ.C. arts. 2315.1 and 2315.2 no longer exists where a termination judgment has been signed as to those parents.
Further credence to this position is given when the Louisiana Children’s Code is consulted. The Children’s Code contains the essence of those articles of R.S. 13:1600 et seq. which were repealed. La.Ch.C. art. 1038 states:
A final judgment terminating parental rights relieves the child and the parent against whom the judgment is rendered of all of their legal duties and divests them of all of their legal rights with regard to one another except for the rights of inheritance of the child.
The comment to art. 1038 states:
This article clarifies the law. The effects of a judgment of termination of parental rights on the rights and duties of parent and child are made the same as the effects of an adoption decree under Civil Code Article 214.
The inference drawn from the new law helps us apply the old. La.Civ.Code art. 214 prescribes the effects of a final decree of adoption on the rights of the biological parents. From the foregoing we know a final decree of adoption terminates the rights of the biological parents to bring wrongful death or survival actions. Applying the same rule of law to the judgment of termination results in the conclusion that appellant no longer has the right to bring her action.
The judgment will be affirmed. Costs of appeal will be paid by appellant.
AFFIRMED.