GUIDRY, J.
LThe officers of an allegedly illegally reinstated corporation appeal a judgment granting a writ of quo warranto in favor of a national organization to disclaim the authority of the alleged local chapter’s offi *1000 cers. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
In 1936, six men of Hispanic descent came together in the city of New Orleans and incorporated the Eta chapter of Phi Iota Alpha Fraternity (“Eta chapter”). According ,to the Act of Incorporation whereby the chapter was formed, the objects and purposes of the corporation were “to stimulate and foster friendship and unity among American and Latin American students in the Universities of the United States.” The domicile and principal office of the Eta chapter was on Audubon Street in New Orleans, Louisiana. The Eta chapter remained a recognized-Louisiana corporation until February 18, 1998, when its charter was revoked for failure to file an annual report for three consecutive years.
In June 2012, four men from New York — Luis Jorge Nicho, Adam Ortiz, Jorge E. Sandoval, and Alex Yepes — filed an annual report with the Louisiana Secretary of State to reinstate the Eta chapter as a Louisiana corporation and to name themselves as officers of the reinstated chapter.
On September 12, 2013, Phi Iota Alpha Fraternity, Inc. (PHIA), domiciled in New York, filed a petition for writs of mandamus and quo warranto against John Thomas Schedler, in his official capacity as Louisiana Secretary of State, and against Nicho, Sandoval, Yepes, and the Eta chapter.[1] In the petition, PHIA states that it is “the national organization behind the Latino fraternity Phi Iota Alpha,” |3that it “possesses authority over 50 locál 'chapters and 26 colonies” of the fraternity throughout the country, and that it owns trademarks for the fraternity registered with the U.S. Patent and Trademark Office.
PHIA alleged that Nicho, Ortiz, Sandoval, and Yepes were not duly elected nor appointed officers of the Eta chapter, that none of them possessed the authority or approval of PHIA to represent himself as an officer of the Eta chapter, nor did any of them possess authority or approval from PHIA to establish or reinstate the Eta chapter. PHIA therefore prayed that an alternative writ of mandamus be issued to Schedler, as secretary of state, to cancel the Eta chapter’s corporate charter,, remove Nicho, Sandoval, and Yepes as registered officers of the Eta chapter, and to preclude any individuals not authorized by PHIA from seeking to obtain the corporate franchise of the Eta chapter. Recognizing that Ortiz had resigned his position with the Eta chapter, PHIA further prayed that a writ of quo warranto be issued directing Nicho, Sandoval, and Yepes to show by what authority each claimed to hold office in the Eta chapter, and after a hearing, that there be a judgment declaring the offices in the Eta chapter void and forbidding Nicho, Sandoval, and Yepes from claiming or exercising any right, power, privilege, or authority as officers of the Eta chapter.
In response to PHIA’s petition, Schedler filed exceptions raising the objections of no right of action, no cause of action, and unauthorized use of summary proceedings. A hearing on the objections raised in Sche-dler ⅛ exceptions was held on November 18, 2013.- The trial court sustained the exception based on no cause of action and signed a judgment on December 9, 2013, *1001 dismissing PHIA’s petition for writ of mandamus against Schedler.
In the meantime, the Eta chapter, Ni-cho, Sandoval, and Yepes (collectively “the Eta chapter”) - also filed exceptions raising the objections of no.right of action Land no cause of action and also filed a motion to continue the hearing on the .writ of quo warranto. During the .November 18, .2013 hearing, the trial court scheduled the Eta chapter’s exceptions and motion to be heard on November 21, 2013,[2] immediately prior to the previously set hearing on the writ for quo warranto.
At the November 21, 2013 hearing, the Eta chapter withdrew its motion to continue, and after considering the arguments of the parties on the objections of no right of action and no cause of- action, the .trial court overruled- the exceptions filed by the Eta chapter. The trial court then received evidence and considered the arguments of the parties on the writ of quo warranto, following which the trial court made PHIA’s petition for writ of quo, warranto absolute and decreed that Nicho, Sandoval, and Yepes are not authorized to hold or claim office in the Eta chapter nor authorized to reinstate the Eta chapter. A judgment consistent with these rulings was signed by the trial court on January 3, 2014.
ASSIGNMENTS OF ERROR
On appeal, the Eta chapter asserts that the trial court erred in making the following rulings:
ASSIGNMENT OF ERROR 1: The trial court erred in denying the exception of no cause of action or right of action filed by defendants Nicho, Sandoval and Yepes.
ASSIGNMENT OF ERROR 2: The trial court erred in granting the petition for quo warranto and/or in entering an overbroad judgment.
DISCUSSION
Motion to Dismiss the Appeal
Following the trial court’s signing of the January 3, 2014 judgment that overruled'the Eta chapter’s exceptions raising the objections of no right and no cause of action and making absolute the writ of quo warranto sought by PHIA, the | nEta chapter filed a motion to appeal the December 9, 2013 judgment. The order granting the Eta chapter’s motion for appeal recites that the 'appeal is from the judgment signed December 9, 2013. After the Eta chapter filed its appellate brief with this court, PHIA filed a motion to dismiss the appeal on the basis that the errors assigned by the Eta chapter do not relate to the judgment appealed. The motion to dismiss the appeal was referred to this panél to - consider in conjunction with the merits of’the" appeal. After considering, we deny the motion.
In State, Department of Transportation & Development v. Estate of Summers, 527 So.2d 1099, 1100 (La.App. 1st Cir.1988) (citing Dural v. City of Morgan City, 449 So.2d 1047, 1048 (La.App. 1st Cir.1984)), this court considered the following factors to determine the appellant’s intent in seeking an appeal when the matter involved two separate final judgments and the appellant asserted that she had inadvertently specified the wrong judgment (the first judgment) in her motion for appeal: (1) appellant’s assertions, (2) whether the parties briefed issues on the ’ merits of the final judgment, and (3) the language of the order of appeal.
In that case, this court observed that in her brief, the appellant assigned, as error *1002 the trial court’s actions relative to the second judgment. Estate of Summers, 527 So.2d at 1100. This court further recognized that the appellee did not contend that he was prejudiced by the error in specifying the wrong judgment, that the transcript of the hearing showed that the parties were aware the appellant intended to appeal the second judgment, and the fact that none of the appellant’s claims were adjudicated in the first judgment indicated that .the parties had to know the date specified in the motion for appeal was erroneous. Estate of Summers, 527 So.2d at 1101-02. Finally, observing that appeals are favored in the law, this court 1 ^denied the motion to dismiss and maintained the appeal. Estate of Summers, 527 So.2d at 1102.
Similarly, in the matter before us and as pointed out by PHIA in its motion to dismiss the appeal, all of the Eta chapter’s assignments of error relate to the January 3, 2014 judgment: The December 9, 2013 judgment relates to the proceedings only as they pertained to Schedler, whereas the January 3, 2014 judgment relates only to the proceedings as they pertain to the Eta chapter. And although the Eta chapter specified the December 9, 2013 judgment in its motion for appeal, which was filed on January 13, 2014, PHIA did not file its motion to dismiss the Eta. chapter’s appeal until December 15, 2014, which was six days after the Eta chapter had filed its appellate brief. Hence, considering the only matters which the Eta chapter would have an interest in appealing are contained in the January 3, 2014 judgment, PHIA had to be aware that the judgment specified in the Etá chapter’s motion for appeal was erroneous, and as appeals are favored in the law, we deny the motion to dismiss and maintain the Eta chapter’s appeal.
No Right of Action
In its first assignment of error, the Eta chapter alleges that the trial court erred in overruling its exceptions raising the objections of no cause and no right of -action; however, the Eta chapter only offers arguments in regard to the trial court’s overruling the objection of no right of action. Accordingly, we will limit our review of the Eta chapter’s first assignment of error to consider whether the trial court properly overruled the exception raising the objection of no right of action. See Uniform Rules — Courts of Appeal, Rule 2-12.4(B)(4) (“All assignments of error and issues for review must be 'briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed”).
|7The peremptory exception pleading the objection of no right of action challenges whether the plaintiffs have an actual interest in bringing the action. See La. C.C.P. art. 927(A)(6); Estate of Mayeaux v. Glover, 08-2031, p. 4 (La.App. 1st Cir.1/12/10), 31 So.3d 1090, 1093, writ denied, 10-0312 (La.4/16/10), 31 So.3d 1069. Whether a person has a right of action depends on whether the particular person belongs to the class in whose favor the law extends a remedy. In other words, the exception questions whether the plaintiff has an interest in judicially enforcing the right asserted. Estate of Mayeaux, 08-2031 at p. 5, 31 So.3d at 1093. Simply stated, the objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. OXY USA Inc. v. Quintana Production Company, 11-0047, p. 12 (La.App. 1st Cir.10/19/11), 79 So.3d 366, 376, writ denied, 12-0024 (La.3/2/12), 84 So.3d 536.
Quo warranto, in part, is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation. La. C.C.P. art. 3901. The law is well-settled that a writ of quo warranto is the proper remedy to test *1003 title to office in a private corporation and that the question of title to such office cannot be determined by writ of injunction, Leidenheimer v. Schutten, 194 La. 598, 603, 194 So. 32, 33-34 (1940). A writ of quo warranto orders the defendant to show by what authority he or she is acting. See La. C.C.P. art. 3901, comment (e). The purpose of a writ of quo warranto is to prevent usurpation of office or of powers. La. C.C.P. art. 3901. Its function is narrow. Morris v. Thomason, 28,238, p. 2 (La.App.2d Cir.4/8/96), 672 So.2d 433, 434, writ denied. 96-1383 (La.9/13/96), 679 So.2d 105. The sole relief allowable to an applicant for a writ of quo- warranto against a corporate officer is that the corporate officer state the authority under which he or. she claims .or holds office. Hyde v. Hyde, 590 So.2d 727, 732 (La.App. 3d Cir., 1991), writ denied, 592 So.2d 412 (La.1992). The respondent in a quo war-ranto proceeding has the burden of showing by what authority he or she claims or holds office in the corporation. Roser v. Webb, 542 So.2d 122, 124 (La.App. 1st Cir.1989). ”
In Parish of Jefferson v. Lafreniere Park Foundation, 98-146, p. 13 (La.App. 5th Cir.7/28/98), 716 So.2d 472, 478, the court held that standing to bring a writ of quaranto is not limited to a member, shareholder, director, or officer of the corporation, but is granted to a plaintiff having a real and actual intérest in the action. See La. C.G.P. art. 681. .In this case, PHIA has asserted that -it is a national organization with authority over 50 local chapters and 26 colonies' and with a trademark on the name “Phi Iota Alpha” and “Phi Iota Alpha, Inc.”[3] (R. 6) In opposition to the objection of no right of action, PHIA asserted that “the injury to [PHIA] is distinct and heightened because the revival of the Louisiana charter threatens [PHIA’s] authority as the nationwide steward of the Phi Iota Alpha fraternity” and that granting the writ, of quo warranto would “protect [PHIA’s] interest in protecting the name and legacy of the Phi Iota Alpha fraternity and its authority over [the] same.”
 Whether a plaintiff has a right of action is a question of law, and thus, our review of the trial court’s ruling on the exception in this appeal is de novo. OXY USA Inc., 11-0047 at p. 12, 79 So.3d at 376. Considering the foregoing, we find that PHIA sufficiently established a real and actual interest in bringing the quo warranto proceedings. Although the Eta chapter contends that it has offered to change the name' of the corporation, it was admitted at the hearing that the name of |athe corporation had not been changed nor had any new articles of incorporation been filed. We do not find that this mere offer by the Eta chapter is-sufficient to deprive PHIA of its right to seek a writ of quo warranto. Accordingly, we reject the Eta chapter’s first assignment of error as we find that PHIA-has a real and actual interest in bringing the quo warranto proceedings.
Writ of Quo Warranto
In its second assignment of error, the Eta chapter' acknowledges that “[it] *1004 would have to agree that [Nicho, Sandoval, and Yepes] do not technically meet the criteria for corporate officers of [the Eta chapter].” Nevertheless, the Eta chapter argues that “[i]t seems a pity that a corporation of sentimental and historical importance should be allowed to lapse for what, under the circumstances, appears to be purely technical barriers to revival” and “that there must be somie type of procedure which would permit some slate of officers to quality as corporate officers in this scenario[.]” Thus, the Eta chapter assérts that “if the judgment [of the 'trial Court] is interpreted as prohibiting defeñ-dants from acting as officers under any circumstances, the judgment is overbroad and should be modified to limit its effect so that further efforts to revive the Louisiana corporation may be undertaken.” We find no merit in these arguments,,
Authority to act on behalf of a corporation can only be conferred by the charter or a resolution of the boqrd of directors. McKendall v. Williams, 467 So.2d 1301, 1303 (La.App. 4th Cir.), writ denied, 469 So.2d 986 (La.1985); see also Canedo v. Vicari, 11-1116 (La.App. 5th Cir.5/8/12), 99 So.3d 64 (holding that the officers and directors who,were allegedly elected in contravention .of the corporation’s articles and bylaws had no authority to hold the offices so claimed). According to articles 5 and 6 of the Act of Incorporation by which the Eta chapter was formed in 1936, the charter provides that the affairs, of the corporation “shall |inbe governed by its officers” and that the officers, other than the initial officers designated in the Act of Incorporation, “shall be chosen at annual elections held at the end of the scholastic year, by majority vote of the brothers[4] present at a meeting called ■for that purpose, and the term of office expires with, the .voluntary resignation of the officer or the election of his successor.” See also La. R.S. 12:225(F),
Nicho testified that he attempted to contact former officers and members of the Eta chapter (or their descendants) regarding reactivation of the chapter, but admitted he was not successful in his attempts. Thus, based on the provisions of the Act of Incorporation and the evidence presented, we find no error in the trial court’s determination that Nicho, Sandoval, and Yepes are not authorized to hold or claim office in the Eta chapter, and as such, they were not authorized to reinstate the Eta chapter pursuant to La. R.S. 12:262.1(E).[5] Addi *1005 tionally, we find nothing in this pronouncement by the trial court to be overly broad. Accordingly, we reject the Eta chapter’s second assignment of error.
^CONCLUSION
Having carefully considered the arguments, law, and evidence presented in this matter, we find no error in the trial court’s judgment making the writ of quo warranto in this matter absoluté. Therefore, we affirm the January 3; 2014 judgment and cast all costs of this appeal to the appellants Luis Nicho, Jorge Sandoval, and Alex Yepes.
AFFIRMED.

. In the petition for writs, the Eta chapter'is referred to as “Phi Iota- Alpha Fraternity, Inc.,” but the name of the Eta chapter, as stated in the 1936 Act of Incorporation and in the annual report séeking to reinstate the chapter does not include the' designation "Inc.” is not included in the chapter’s official name.

. The record before us does not contain a copy of any written motion to continue, and the copy of the exceptions filed by the Eta chapter appears in the record as an exhibit that was filed into evidence at the November 21, 2013 hearing. ...

. Although proof of its trademark registration was not offered by PHIA, in its petition it listed the registration numbers issued to it by the United States Patent and Trademark Office. Taking judicial notice of the information maintained on the United States Patent and Trademark Office’s website, we have verified PHIA's trademark registrations and further observe that the stated "goods and services” associated with the trademarks is listed as "association services, namely, organizing chapters of a fraternity and promoting the interests of the members thereof.” See La. C.E. art. 201; State v. Carpenter, 00-436, pp. 7-8 (La.App. 3d Cir. 10/18/00), 772 So.2d 200, 206, writ denied, 00-3152 (La.1/25/02), 806 So.2d 665.

4. Notably, the Act of Incorporation does not contain any provisions regarding the establishment of membership in the corporation; however, article 10 of the Act of Incorporation does provide that the corporation "shall have power to adopt a constitution and by-laws and the provisions therein contained shall be binding on all of its members in all things that do not contravene the provisions of this charter.” Louisiana Revised Statutes 12:217(A) indicates that membership "in the corporation can be prescribed in the articles or by-laws. It is unknown whether a separate constitution or by-laws were actually adopted by the Eta chapter or whether a provision for the admission of members was provided therein. The only governing document submitted or referred to in the proceedings in this matter was the Act of Incorporation.

. It should be pointed out that our affirmance of the trial court’s finding that Nicho, Sandoval, and Yepes lacked authority to reinstate the Eta chapter is not a pronouncement in regards to the validity of the reinstated chapter. .As recognized by this court in Haynes v. Louisiana Teachers Association, 381 So.2d 849 (La.App. 1st Cir.), writ denied, 384 So.2d 800 (La.1980) and Louisiana District, Church of the Nazarene v. Church of the Nazarene, 132 So.2d 667 (La.App. 1st Cir.1961), according to La. R.S. 12:205(B), the issuance of a certificate of incorporation is conclusive evidence of the fact that the corporation has been duly incorporated, such that validity of the incor- ‘ poration, or as in this case, the reinstatement, can only be attacked by the state. See also La. R.S. 12:262. The trial court appeared to recognize this 'fact, because in pronouncing *1005 judgment, it declared: "I see Mr. Hawkland here. He is from the Secretary of State. He can take what I say hack to the-Secretary of State to do whatever he wants to do, but the writ will be made absolute declaring that these named persons [Nicho, Sandoval, and Yepes] are not officers of this corporation as it now stands.’.’ . •