KUHN, J.
 

 | sPIaintiffs-appellants, Bernice Quain-tance, Patricia Speirer, and Toni Horchoff, as well as Timothy Wayne Davis on behalf of his minor child, Benjamin Davis, appeal the trial court’s sustaining of peremptory exceptions raising the objection of no right of action filed by defendant-appellee, Goux Enterprises, Inc., doing business as Pontchartrain Health Care Center (Pontchartrain Health Care Center),
 
 [1]
 
 dismissing plaintiffs’ claims for statutory damages due to defendant’s alleged negligence, which resulted in the death of Bernice Mayeaux. We amend the judgment and, as amended, affirm. The matter is remanded.
 

 factual and procedural BACKGROUND
 

 Mayeaux had two daughters: Ann Riles and Evelyn Audler. Audler had four daughters: Quaintance, Speirer, Horchoff, and Kim Davis. Audler and Davis both died before Mayeaux. Quaintance, Speirer, and Horchoff are the surviving grandchildren of Mayeaux; and Benjamin Davis is the surviving child of Daws and the great-grandson of Mayeaux. At the time of her death, Mayeaux was a resident in the Pontchartrain Health Care Center, a nursing home located in Lacombe. The granddaughters filed a lawsuit against Ka-rolina Glover, who was Mayeaux’s roommate, her homeowner’s insurer, and Pontchartrain Health Care Center, averring entitlement to damages for the survival action of their grandmother, wrongful death damages for them losses, and damages as a result of breach of contract. Timothy Wayne Davis, in his capacity as tutor of his minor son, Benjamin (Benjamin) filed a lawsuit against the same de
 
 *1093
 
 fendants, claiming l,(the same damages. And Riles filed yet another lawsuit also seeking damages pursuant to the survival and wrongful death actions resulting from her mother’s death. The lawsuits were consolidated.
 

 According to the allegations of the petitions, Glover, who suffered from Alzheimer’s disease, dementia, and other mental disorders, physically attacked and bludgeoned Mayeaux with a metal object while occupying the same room at the Pontchartrain Health Care Center facility, ultimately causing Mayeaux’s death. Plaintiffs averred Pontchartrain Health Care Center was negligent in failing to: properly assess Glover’s condition, segregate her from other residents, warn Mayeaux and plaintiffs of Glover’s aggressive characteristics and tendencies, and take other preventative tactics.
 

 Pontchartrain Health Care Center filed, among other pleadings, peremptory exceptions objecting to the rights of the granddaughters and great-grandson to assert claims for damages under La. C.C. arts. 2315.1 and 2315.2. After a hearing at which evidence was adduced, the trial court sustained the exceptions and dismissed the lawsuits filed by Quaintance, Horchoff, and Benjamin in their entirety. The lawsuit filed by Speirer was maintained only to the extent that she claimed entitlement to damages for breach of contract. The trial court signed a judgment in conformity with its ruling and, after their new trial motions were denied, the granddaughters and the great-grandson appeal.
 

 NO RIGHT OF ACTION
 

 The peremptory exception pleading the objection of no right of action challenges whether plaintiff has an actual interest in bringing the action.
 
 See
 
 La. C.C.P. art. 927 A(6);
 
 Five N Company, L.L.C. v. Stewart,
 
 2002-0181, p. 10 (La.App. 1st Cir.7/2/03), 850 So.2d 51, 58. Whether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy. In other words, the exception questions whether the plaintiff has an interest in judicially enforcing the right asserted. Whether a plaintiff has a right of action is a question of law. Therefore, it is reviewed
 
 de novo
 
 on appeal. To prevail, the defendant must show that the plaintiff does not possess an interest in the subject matter of the suit.
 
 Id.,
 
 2002-0181 at pp. 10-11, 850 So.2d at 58.
 

 CLAIMS FOR DAMAGES UNDER LA.
 

 C.C. ARTS. 2315.1 and 2315.2
 

 Appellants contend the trial court erred in sustaining the exceptions of no right of action for survival and wrongful death damages. The gist of their assertion is that La. C.C. art. 3506 provides a definition for “children” that should be applied to determine which beneficiaries are entitled to statutory damages. '
 

 Both Articles 2315.1 A and 2315.2 A establish the exclusive categories of beneficiaries who may bring a survival action for injuries suffered by another before his or her death (Article 2315.1), as well as a wrongful death action for the damages they sustained as a result of their relative’s death (Article 2315.2). These exclusive categories of beneficiaries are as follows:
 

 (1) The
 
 mrviving
 
 spouse and
 
 child or children
 
 of the deceased, or either the spouse or the child or children.
 

 (2) The
 
 surviving
 
 father and mother of the deceased, or either of them if he left no spouse or child
 
 surviving.
 

 (3) The
 
 sttrviving
 
 brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent
 
 surviving.
 

 
 *1094
 
 (4) The
 
 surviving
 
 grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling
 
 surviving.
 
 (Emphasis added.)
 

 |6La. C.C. arts. 2315.1 A and 2315.2 A.
 

 In pertinent part, La. C.C. art. 3506, which provides general definitions of terms employed in the Louisiana Civil Code whenever they have not been particularly defined in the Code, states:
 

 8. Children. Under this name are included those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law, as well as descendants of them in the direct line.
 

 A child born of marriage is a child conceived or born during the marriage of his parents or adopted by them.
 

 A child born outside of marriage is a child conceived and born outside of the marriage of his parents.
 

 Appellants claim that as “descendants ... in the direct line,” as provided Article 3506(8), they have established their rights as “the children of the deceased” under Articles 2315.1 A and 2315.2 A, who are entitled to bring a survival action and wrongful death claims.
 

 The jurisprudence has consistently excluded grandchildren from the first class of beneficiaries.
 
 See, e.g., Hunt v. New Orleans Ry. & Light Co.,
 
 140 La. 524, 73 So. 667 (1916);
 
 Day v. Day,
 
 563 So.2d 441, 443 (La.App. 1st Cir.),
 
 writ denied,
 
 567 So.2d 109 (La.1990);
 
 Austrum v. City of Baton Rouge,
 
 267 So.2d 284, 290-91 (La.App. 1st Cir.1972),
 
 affirmed in part, reversed in part on other grounds,
 
 282 So.2d 434 (La.1973);
 
 Mazoue v. Avondale Indus., Inc.,
 
 2002-1569, pp. 2-3 (La.App. 4th Cir.1/22/03), 839 So.2d 171, 172,
 
 unit denied,
 
 2003-0542 (La.4/25/03), 842 So.2d 406;
 
 Rachal v. Peters,
 
 28,655, pp. 5-6 (La.App.2d Cir.9/25/96), 680 So.2d 1280, 1283. And it follows that if grandchildren are excluded, great-grandchildren, who are descendants further down the direct line, 17are excluded as well. It is only when the codal beneficiary who survived the decedent later dies that the beneficiary’s heirs “inherit” the beneficiary’s right to bring either or both the wrongful death and survival actions.
 
 See
 
 La. C.C. arts. 2315.1 C and 2315.2 C;
 
 Radial,
 
 28,655 at p. 4, 680 So.2d at 1283.
 

 Accordingly, we find no error in the trial court’s sustaining the peremptory exceptions objecting to appellants’ rights to institute a survival action for damages on behalf of Mayeaux and wrongful death actions damages that they sustained as a result of the death.
 

 CLAIMS FOR DAMAGES ARISING IN CONTRACT
 

 Quaintance, Horchoff, and Benjamin claim that they also have a right of action for damages based on contract and, therefore, the trial court erred in dismissing all their claims.
 
 [2]
 
 Alternatively, they
 
 *1095
 
 assert that they are third-party beneficiaries to the contract between Speirer and Pontchartrain Health Care Center. Appellants also urge the trial court erred in failing to allow them an opportunity to amend their petitions to state rights of action in contract.
 

 A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. Consent of the parties is necessary to form a valid contract.
 
 See
 
 La. C.C. art. 1927. Where there is no Ismeeting of the minds between the parties, a contract is void for lack of consent.
 
 Stockstill v. C.F. Indus., Inc.,
 
 94-2072, p. 25 (La.App. 1st Cir.12/15/95), 665 So.2d 802, 820,
 
 twit denied,
 
 96-0149 (La.3/15/96), 669 So.2d 428. And no action for breach of contract may lie in the absence of privity of contract between the parties.
 
 Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor’s Office of Homeland Sec. and Emergency Preparedness,
 
 2009-0084, p. 2 (La.App. 1st Cir.10/27/09), 29 So.3d 589, 591. A party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent.
 
 Casey v. Nat’l Info. Services, Inc.,
 
 2004-0207, p. 12 (La.App. 1st Cir.6/10/05), 906 So.2d 710, 719,
 
 writ denied,
 
 2005-2210 (La.3/24/06), 925 So.2d 1235.
 

 The sole allegations in these particular appellants’ respective petitions averring factual support for relief based on a breach of contract state that Pontchartrain Health Care Center “breached [its] contractual duty to provide a safe environment for decedent ... Mayeaux and [appellants’] claims against [the defendant] sound in tort and in contract.”
 

 At the hearing, documentary evidence established that Speirer signed a
 
 “FACE SHEET
 
 ” stating the decedent’s name and general, medical, and billing information in which, under the section entitled
 
 “RESPONSIBLE PARTY,”
 
 “SPEIRER (Granddaughter)” was noted. Speirer’s signature was also on a form entitled “RESIDENT FAMILY CONSENT FOR CARDIOLPULMONARY RESUSCITATION.”
 
 [3]
 
 Two requests for a medical eligibility determination and a | ¡¡level 1 screen for pre-admission or re-admission screening form were also admitted in which Speirer was indicated as the “Responsible Party/Curator.” And a “Statement of Account” sent to Speirer for decedent stated $4,550.00 was the amount “Now Due From Resident.” Testimony from Quaintance was also admitted. She identified her sister’s signature and explained that she and her sisters, including Kim Davis who died the day before Mayeaux, had an agreement regarding deficits existing after payments on Mayeaux’s account by insurance and Medicare. According to the agreement, they would collectively pay on behalf of their grandmother. Quaintance admitted she was not present when the documents were signed, did not have a power of attorney over her grandmother, and that decedent did not sign any of the documents upon admission because she was incapable of doing so and, therefore, someone had to sign on Mayeaux’s behalf. Solely for the purposes of the exception hearing, the parties stipulated that Speirer and Horchoff would have testified in conformity with Quaintance.
 

 
 *1096
 
 The trial court found that while there clearly was an agreement between Au-dler’s children regarding the care of their grandmother, “the nursing home was not privy to that agreement nor was it a party to [it].” Based on the allegations of the petitions and the evidence adduced at trial, the particular appellants failed to establish a meeting of the minds to support the consent necessary to find the existence of a valid contract between Quaintance, Hor-choff, and Davis and Pontchartrain Health Care Center. Thus, the trial court correctly dismissed the breach of contract claims asserted by Quaintance, Horchoff, and Benjamin.
 

 We turn now to the particular appellants’ contention that they are entitled to assert contractual claims as third-party beneficiaries. A third-party beneficiary is a |inparty who has the right to demand performance from the promisor.
 
 See
 
 La. C.C. arts. 1978 and 1981. Under Louisiana law, a contract for the benefit of a third party was previously referred to as a stipulation
 
 pour autrui.
 
 A stipulation
 
 pom autnd
 
 is never presumed, and the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Moreover, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract.
 
 Pearl River Basin Land and Dev. Co., L.L.C.,
 
 2009-0084 at p. 4, 29 So.3d at 592-93.
 

 Based on the allegations stated in their petitions and the evidence adduced at the exception hearing, the particular appellants have failed to set forth facts to support a finding of a manifestly clear intent between Speirer and Pontchartrain Health Care Center to stipulate a benefit in favor of Quaintance, Horchoff, or Davis. The particular appellants can point to nothing in the documentary evidence that evinces a stipulation
 
 pour autrui
 
 in their favor; indeed, there is no documentary language that shows Pontchartrain Health Care Center had knowledge of the existence of these appellants. And nothing in the limited testimony suggests Pontchartrain Health Care Center was otherwise made aware that when Speirer signed the documents, a benefit was specified in favor of Quaintance, Horchoff, or Davis. Accordingly, the trial court correctly sustained the peremptory exception, dismissing the claims of Quaintance, Horchoff, and Benjamin on this basis.
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If hithe grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La. C.C.P. art. 934.
 

 Nothing in the documentary or testimonial evidence adduced at the hearing of these exceptions indicated that Pontchartrain Health Care Center had a contract with Quaintance, Horchoff, or Davis, or that they were third-party beneficiaries of a stipulation
 
 pour autrui
 
 in their favor. Nonetheless, in light of the limited allegations of fact and testimony presented on the issue, we must allow these particular appellants an opportunity to amend their petitions.
 

 DECREE
 

 For these reasons, the trial court’s judgment is affirmed insofar as it sustained Pontchartrain Health Care Center’s peremptory exception raising the objection of no right of action against Quaintance, Hor-choff, Speirer, and Benjamin for survival and wrongful death damages. But the judgment is amended, and the matter is
 
 *1097
 
 remanded to the trial court to allow Quain-tance, Horehoff, and Benjamin, an opportunity to amend their petitions to state, if they can, a right of action in contract within ten days from the date this opinion becomes final, in default of which their claims shall be dismissed. Costs of this appeal are assessed against appellants, Quaintance, Speirer, Horehoff and Benjamin.
 

 AMENDED AND, AS AMENDED, AFFIRMED; REMANDED.
 

 [1]
 

 . In amendments to their petitions, plaintiffs added Pontchartrain Guest House, Inc., doing business as Pontchartrain Health Care Center, as an additional defendant.
 

 [2]
 

 . Speirer's claim for breach of contract was maintained by the trial court. Where a party pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action which attacks only one theory of recovery and which does not dismiss the party is invalid as an impermissible partial judgment.
 
 See Talbot v. C & C Millworks, Inc.,
 
 97-1489, p. 4 (La.App. 1st Cir.6/29/98), 715 So.2d 153, 156; La. C.C.P. art. 1915 B(l) and (2)(subse-quent to its amendment by La. Acts 1999, No. 1263, § 1). Although Speirer’s cause of action for survival action/wrongful death damages and for breach of contract damages arise out of the death of Mayeaux, a partial grant of an exception of no right of action as to a cause of action that is factually distinct from the remaining cause or causes of action pled may be permissible. Under the facts of this case, the trial court correctly granted the partial exception of no right of action dismissing
 
 *1095
 
 Speirer’s claims for damages under La. C.C. arts. 2315.1 and 2315.2.
 

 [3]
 

 . That form stated, among other things, "If a resident is mentally or physically unable to make [the] decision [regarding her wishes in regard to the desire for cardiopulmonary resuscitation] and this is documented by the physician, then the spouse or family, as a class, can make this decision.”