KUHN, J.
| gCIaimant-appellant, Joseph Brown, appeals a judgment rendered by the Louisiana Office of Workers’ Compensation (OWC), sustaining a peremptory exception raising the objections of no right and/or no cause of action asserted by defendants-appellees, A M Logging, Brown’s employer, and Louisiana Safety Association of Timbermen, Self Insurance Fund (Timber-men). Under our supervisory power, we *624 convert the appeal to a writ, deny the relief sought, and affirm OWC’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
For purposes of the exception, the following facts were undisputed. Brown sustained an injury on October 10, 2005, while in the course and scope of his employment with A M Logging. As he cut a tree, it “kicked back” on him, and he averred that he sustained injuries to his shoulder, ribs, chest, back, and neck. In 2009, Brown filed a disputed claim for workers’ compensation, seeking indemnity benefits, penalties, and attorney’s fees. OWC awarded Brown indemnity benefits based on a finding of permanent and total disability, penalties, attorney’s fees, costs, and legal interest on the indemnity benefits, penalties, and attorney’s fees. A M Logging appealed to this court, and we affirmed the awards of benefits but we reversed the award of penalties and attorney’s fees, concluding that A M Logging had reasonably controverted the claim. See Brown v. A M Logging, 2010-1440 (La.App. 1st Cir.8/4/11), 76 So.3d 486.
On November 8, 2011, Brown’s attorney received a letter from the State of Louisiana, Department of Health and Hospitals (DHH), advising that because the Medicaid Program had paid $9,752.90 in medical bills related to the October 10, 2005 accident on behalf of Brown, DHH had acquired a privilege for payments made on Brown’s behalf. The letter further apprised Brown’s attorney that the privilege subjected all persons “plaintiff and defendant, their attorneys and insurers ... who are | ^placed on notice of the privilege ... to personal liability for the patient’s bill ... if any money subject to the privilege is paid to the claimant without first reimbursing Medicaid” the amount of $9,752.90.[1]
On October 24, 2012, Brown filed a 1008 disputed claim form, averring that as a result of the October 2005 accident, he was entitled to penalties and attorney’s fees for, among other things, defendants’ failure “to pay medical bills (Medicaid lien).”[2] Subsequently, defendants filed exceptions raising objections of no right of action and no cause of action to this claim by Brown. After a hearing, OWC sustained the exceptions and, on January 3, 2014, issued a judgment, dismissing Brown’s claims for penalties and attorney’s fees arising out of defendants’ failure to pay the medical expenses associated with the Medicaid privilege. This appeal by Brown followed.
DISCUSSION
Initially we note that although OWC sustained an exception, in part as to one or more but less than all of Brown’s claims, it did not designate the judgment as final after an express determination that there was no just reason for delay and, as such, its ruling is an interlocutory judgment. See La. C.C.P. art. 1915(B). At oral argument, the parties advised the court that a subsequent final judgment disposing of all other claims had been rendered and an appeal of that judgment has been lodged with this court. The claim in the appealed judgment is a distinct one unrelated to any other claim Brown has asserted in his petition and the determination is a legal one. Additionally, it is *625 undisputed that all other claims asserted by Brown in his 1008 disputed claim have been addressed in the subsequent judgment, and that this claim for appellate review of OWC’s action 14sustaining defendants’ exception raising objections of no right and no cause of action has been addressed only in this appeal of the January 8, 2014 judgment such that if it is not reviewed presently, there will be no opportunity for Brown to challenge OWC’s dismissal of that claim. See Judson v. Davis, 2004-1699 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167 (when an unrestricted appeal is taken from a final judgment determinative of the merits, the appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment). Therefore, under these limited circumstances, we exercise supervisory jurisdiction to review the matter. See La. C.C.P. art. 2201. Thus, we convert the appeal to a writ to review the propriety of OWC’s judgment dismissing Brown’s claim for penalties and attorney’s fees arising out of defendants’ failure to timely pay the medical expenses associated with the Medicaid privilege.
The peremptory exception pleading the objection of no right of action challenges whether the plaintiff has an actual interest in bringing the action. See La. C.C.P. art. 927(A)(6); Estate of Mayeaux v. Glover, 2008-2031 (La.App. 1st Cir.1/12/10), 31 So.3d 1090, 1093, writ denied, 2010-0312 (La.4/16/10), 31 So.3d 1069. "Whether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy. In other words, the exception questions whether the plaintiff has an interest in judicially enforcing the right asserted. Whether a plaintiff has a right of action is a question of law. Therefore, it is reviewed de novo on appeal. To prevail, the defendant must show that the plaintiff does not possess an interest in the subject matter of the suit. Estate of Mayeaux, 31 So.3d at 1093.
An employer has a duty to furnish all necessary medical treatment. See La. R.S. 23:1203(A). La. R.S. 23:1212 provides for a medical offset when someone other Igthan the employer or insurer makes payment for an injured worker’s necessary medical expenses, stating in relevant part:
A. Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses....
B. Payments by Medicaid or other state medical assistance programs shall not extinguish these claims and any payments made by such entities shall be subject to recovery by the state against the employer or insurer.
Under La. R.S. 23:1212(A), the payment of medical expenses by Medicaid extinguishes any claim by the employee against the employer for those expenses. La. R.S. 23:1212(B) simply carves out a narrow exception, whereby the State is granted a right to recover these expenses from the employer. (Emphasis added.) Benoit v. Turner Industries Group, L.L.C., 2011-1130 (La.1/24/12), 85 So.3d 629, 632. Thus, Brown is not entitled to assert a claim against his employer for $9,752.90 owed to DHH for Medicaid payments made in conjunction with medical treatment provided on Brown’s behalf for the October 10, 2005 accident.
While acknowledging payment of medical expenses by Medicaid extinguished his *626 claim against defendants for those medical expenses and that recovery of those expenses is given to the State, Brown nevertheless asserts that under the plain language of La. R.S. 23:1201, he is entitled to penalties and attorney’s fees. La. R.S. 23:1201 states in pertinent part:
E. (1) Medical benefits payable under this Chapter [the Louisiana Workers’ Compensation Act (the LWCA) ] shall be paid within sixty days after the employer or insurer receives written notice thereof....
F. Except as otherwise provided in this Chapter [the LWCA], failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty ... together with reasonable attorney[’s] fees for each disputed claim.
IfrBrown contends that he notified defendants of the Medicaid privilege upon receipt of the letter to Brown’s attorney from DHH dated November 8, 2011. Because the Medicaid privilege of $9,752.90 was for medical expenses payable under the workers’ compensation law and DHH was not paid within 60 days of Brown’s notification that payment was due, he claims entitlement to penalties and attorney’s fees under La. R.S. 23:1201(F). We disagree.
Under La. R.S. 23:1212, payment of Brown’s medical expenses by Medicaid extinguished his claim against defendants for those medical expenses, and recovery of those expenses was statutorily given to DHH as an agency of the State.[3] Thus, the “medical benefits payable” under the LWCA referenced in La. R.S. 23:1201(E) necessary to support an award of penalties and attorney’s fees under Subsection F were extinguished under the LWCA insofar as Brown’s entitlement to assert payment thereof. See Gautreaux v. Arable Trucking, 2012-1026 (La.App. 1st Cir.9/13/13), 150 So.3d 307, 314 (holding that since claimant’s right to recover medical expenses from the employer was extinguished by the payment made by Medicaid, only Medicaid has the right to seek reimbursement of those payments and, thus, claimant has no right of action to recover penalties and attorney’s fees for the employer’s untimely reimbursement of those expenses). Stated another way, as a statutory matter under the LWCA, because DHH has been subrogated to Brown’s right to demand medical payments from his employer, Brown does not have an actual interest in the “medical payments payable” under Subsection E that he has sued on such that he may not make a claim under Subsection F for penalties and attorney’s fees. See La. C.C. art. 1825 (subrogation is the substitution of one person to the 17rights of another) and art. 1826(A) (when subrogation results from a person’s performance of the obligation of another, that obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee against the obligor, but is extinguished for the original obligee).
To hold otherwise would allow a Medicaid recipient who paid no enrollment fee, *627 had no wages deducted, and otherwise provided no consideration for the collateral source benefits he received, see Benoit, 85 So.3d at 633, to receive a penalty and attorney’s fees for recovery of sums due to the State, not to him. Allowing such relief to the Medicaid recipient whose claim for medical benefits against the employer has been extinguished defeats the purpose of imposition of the provisions allowing penalties and attorney’s fees as a penal measure imposed to discourage indifference and undesirable conduct by employers and insurers thereby encouraging timely payment. See Arabie Bros. Trucking Co. v. Gautreaux, 2012-0849 (La.App. 1st Cir.12/21/12), 111 So.3d 1088, 1092, writ denied, 2013-0536 (La.4/26/13), 112 So.3d 844. Where an injured employee has been made whole by the social grace of the taxpayers, see Benoit, 85 So.3d at 633, the penal purpose of Subsection F is not served by allowing him to recover penalties and attorney’s fees where it is DHH who has not been fully compensated.
Thus, because Brown failed to show any interest in the medical benefits payable under the LWCA within 60 days as required by La. R.S. 23:1201(E) to support an award of penalties and attorney’s fees under La. R.S. 23:1201(F), OWC correctly concluded that he has no right of action and dismissed this claim by Brown against A M Logging and Timbermen. Since OWC correctly dismissed Brown’s claim for penalties and attorney’s fees for the medical expenses owed to DHH as an agency of the State for payments made by Medicaid, we pretermit a discussion of whether he has stated a cause of action.
_J¿DECREE
For these reasons, we deny the relief sought and affirm the OWC’s judgment. Costs are assessed against plaintiff-appellant, Joseph Brown.
RELIEF DENIED; JUDGMENT AFFIRMED.

. See generally La. R.S. 46:446, providing for recovery of assistance and medical payments, notice, pleadings, compromise, prescription, and a privilege for reimbursement of Medicaid payments.

. Brown also alleged that he was entitled to relief for defendants’ denial of medical treatment for cervical complaints as a result of the October 10, 2005 accident and their failure to pay benefits pursuant to the final judgment.

. On September 6, 2013, which was subsequent to Brown’s demand for penalties and attorney's fees arising out of defendants' failure to pay the medical expenses associated with the Medicaid privilege but prior to rendition of OWC's judgment on this claim, DHH accepted $9,299.25 from defendants and waived any claim to penalties and attorney's fees it may have had. The record also contains a letter from DHH acknowledging receipt of the payment dated December 10, 2013, and a stipulation that $698.92 of the Medicaid lien amount was unrelated to the October 10, 2005 accident and not recoverable by DHH.