**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1356

M. LEROY HARVEY, JR., WILLIAM T. JACKSON,
JOHN H. JACKSON, SUSAN J. VIDRINE,
M.L. HARVEY SR. TRUST FOR M. LEROY HARVEY, JR., AND
CHILDREN, JACKSON LAND COMPANY, LLC, JAMES F. JACKSON,
FRANCES J. STAFFORD, LAURIE H. HARRINGTON, AND
M.L. HARVEY SR. TRUST FOR JAMES F. HARVEY AND CHILDREN

VERSUS

DAN S. COLLINS, DSC ASSOCIATES, LLC,
AND DAN S. COLLINS, CPL & ASSOCIATES, INC.

Judgment Rendered: **JUL 2 3 2020**

* * * * *

Appealed from the
20th Judicial District Court
Parish of West Feliciana, State of Louisiana
No. 23275

The Honorable William G. Carmichael, Judge Presiding

* * * * *

Robert O. Butler, Jr.
St. Francisville, Louisiana

Attorney for Appellants,
Dan S. Collins, DSC &
Associates, LLC and Dan S.
Collins, CPL & Associates, Inc.

Michael S. Walsh
Edward D. Hughes
Tom S. Easterly
Caroline K. Darwin
Baton Rouge, Louisiana
  and
Stewart B. Hughes
St. Francisville, Louisiana

Attorneys for Appellee,
Harvey-Harrington Land, LLC

* * * * *

BEFORE: WELCH, HOLDRIDGE, AND BURRIS,[1] JJ.

---

[1]    The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

This is an appeal of a judgment sustaining a peremptory exception of no right of action and dismissing claims asserted against a defendant in reconvention. We affirm in part, reverse in part, and remand.

## FACTS

This appeal arises in a suit for declaratory judgment, seeking a declaration regarding the enforceability of a notice of contract filed and recorded in the conveyance records of West Feliciana Parish. The plaintiffs are M. Leroy Harvey; Jr.; John H. Jackson; the Succession of William T. Jackson; Susan J. Vidrine; the M.L. Harvey, Sr. Trust for M. Leroy Harvey, Jr. and Children; Jackson Land Company, LLC; James F. Jackson; Frances J. Stafford; and Laurie H. Harrington.[2] The defendants are Dan S. Collins, individually; DSC Associates, LLC (DSCA); and Dan S. Collins, CPL & Associates, Inc. The petition alleged that in 2007, a proposed mineral services consulting agreement (the agreement) was negotiated between some of the plaintiffs and the defendants, but the agreement was never fully executed. The purpose of the agreement was to allow Collins, a mineral consultant, to deal and negotiate with third party companies on behalf of the plaintiffs, particularly regarding the Tuscaloosa Marine Shale (TMS) opportunity. Thereafter, the defendants rendered consulting services and were compensated by direct payments from mineral lessees. In some instances, the defendants also received an assignment of a percentage of the plaintiffs' interests in future royalty interests.

The plaintiffs alleged that by 2013, the TMS became economically unfeasible and, between 2013 and 2017, there was little business contact between the plaintiffs and the defendants, with Collins providing no mineral consulting work for them. They alleged that during 2016 and 2017, Collins privately revealed health concerns

---

[2] The original petition also named as a plaintiff the M.L. Harvey, Sr. Trust for James Ford Harvey and Children; however, that trust was not named as a plaintiff in the amended petition.

and disclosed to some of the plaintiffs that he had retired from his engagement as a mineral consultant. Collins allegedly had no formal communication with the plaintiffs between 2016 and 2018, and did not consult with the plaintiffs or their families about additional mineral opportunities.

According to the petition, in late 2017 and early 2018, the plaintiffs were approached by a third party about a new opportunity that was materially different from the TMS opportunity. They entered into new oil and gas leases relative to the opportunity, with no interaction or assistance from Collins. Despite providing no services relative to the new contracts, the defendants filed a notice of contract in the West Feliciana Parish conveyance records, relying on the agreement executed in 2007.

The plaintiffs filed their petition for declaratory judgment to resolve the dispute arising from the agreement. In response, the defendants urged exceptions, answered, and filed a reconventional demand, which was later amended. Pertinent to this appeal, the defendants asserted a reconventional demand against Harvey-Harrington Land, LLC (HHL). The defendants noted HHL was not a plaintiff in the principal action, but alleged one of the named plaintiffs, M. Leroy Harvey, Jr., conveyed to HHL some or all of his interest in land affected by the agreement. The defendants averred HHL was a successor or assign under the facts and circumstances. As such, the defendants contended HHL and HHL's interests in the lands described in the agreement were likewise bound by the agreement. The defendants sought a declaratory judgment confirming that DSCA is entitled to compensation under the agreement relative to the plaintiffs' mineral leases negotiated prior to formal termination of the agreement on June 8, 2018. The defendants further sought payment of royalty interests relative to production on the leased lands, and other related relief.

HHL urged peremptory exceptions of no right of action and no cause of action relative to the reconventional demand. HHL argued it was not a party to the agreement, having only been organized in 2017. HHL further argued it was a particular, as opposed to universal, successor, and it neither expressly, nor by operation of law, assumed obligations under the agreement. Thus, HHL contended, DSCA could not demonstrate it enjoyed privity of contract with HHL. HHL disputed the validity of the agreement, and further argued the agreement could nonetheless have no effect on HHL under Louisiana's Public Records Doctrine. Contemporaneously, the plaintiffs moved for a protective order to preclude discovery as to business affairs and income of non-parties, including HHL.

After a contradictory hearing where evidence was introduced, the trial court overruled the exception of no cause of action, sustained the exception of no right of action, and dismissed all claims asserted in the reconventional demand against HHL. The trial court also granted the plaintiffs' motion for protective order. The defendants now appeal, challenging both the judgment of dismissal and the entry of the protective order. HHL has answered the appeal, contending that the exception of no cause of action should have been granted and serves as an additional basis for its dismissal from the litigation.

## DISCUSSION

An exception of no right of action is a threshold procedural device used to terminate a suit brought by a person who has no legally recognized right to enforce the right asserted. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 05-2364 (La. 10/15/06), 939 So. 2d 1206, 1210. Unless otherwise provided by law, an action can only be brought by a person having a real and actual interest in the matter asserted. La. Code Civ. Pro. art. 681. The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Eagle Pipe and Supply, Inc.*

4

*v. Amerada Hess Corporation*, 10-2267 (La. 10/25/11), 79 So. 3d 246, 255; *see also* La. Code Civ. Pro. arts. 927A(6) and 1034. The exception assumes the petition states a valid cause of action for some person and tests whether the plaintiff has an interest in judicially enforcing the right asserted. The question is simply whether the plaintiff has a right to sue the defendant. *JP Morgan Chase Bank, N.A. v. Boohaker*, 14-0594 (La. App. 1 Cir. 11/20/14), 168 So. 3d 421, 426.

The party raising the exception of no right of action bears the burden of proof. Evidence supporting or controverting an exception of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. Whether a plaintiff has a right of action is a question of law and is reviewed *de novo* on appeal. *Eagle Pipe and Supply, Inc.*, 79 So. 3d at 256.

The reconventional demand seeks a declaration of contractual rights under the agreement. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. Civ. Code art. 1906. Consent of the parties is necessary to form a valid contract. *See* La. Civ. Code art. 1927. No right of action under the contract may lie in the absence of privity of contract between the parties. *See Estate of Mayeaux v. Glover*, 08-2031 (La. App. 1 Cir. 1/12/10), 31 So. 3d 1090, 1095, *writ denied,* 10-0312 (La. 4/16/10), 31 So. 3d 1069. A party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent. *Casey v. Nat'l Info. Services, Inc.,* 04-0207 (La. App. 1 Cir. 6/10/05), 906 So. 2d 710, 719, *writ denied,* 05-2210 (La. 3/24/06), 925 So. 2d 1235.

There is no dispute that HHL is not a party to the agreement. The defendants claim, however, that HHL is bound by the terms of the contract pursuant to the following provision:

5

6. Miscellaneous. This Agreement (i) constitutes the entire agreement of the parties and supercedes all prior agreements and understandings, written or oral, of the parties; (ii) may be amended only in writing executed by the parties; and (iii) shall be governed and construed in accordance with Louisiana law. In the event that Mineral Consultant [(DSCA)] is required to obtain services of an attorney for enforcement of Mineral Consultant's rights hereunder, Mineral Consultant, in addition to any award of damages or other remedy, shall be entitled to recover reasonable attorney's fees and all costs of any proceedings. **This Agreement** may be executed in counterparts, all of which, when taken together, shall constitute one agreement of the signatories and **shall be effective as to the heirs, successors and/or assigns of the undersigned.** [(Emphasis added.)]

The defendants contend HHL is a "successor or assign" of M. Leroy Harvey, Jr., as evidenced by an Act of Exchange and Contribution between Harvey and HHL. HHL counters that the simple inclusion of an "heirs, successors, and assigns provision" does not automatically bind third parties, such as itself. It contends it is a successor by particular title, not a universal successor, and the defendants offered no proof that HHL assumed any of Harvey's personal obligations.

The parties' arguments raise an issue of contractual interpretation. A contract has the effect of law between the parties. *See* La. Civ. Code art. 1983. Interpretation of a contract requires a determination of the parties' common intent. *See* La. Civ. Code art. 2045. The words of the contract itself are examined first, using their general, ordinary, plain, and popular meanings. *See Prejean v. Guillory*, 10-0740 (La. 7/2/10), 38 So. 3d 274, 279 (*per curiam*). When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ. Code art. 2046. A contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. *See* La. Civ. Code art. 2050. One provision of the contract should not be construed separately at the expense of disregarding other provisions. *Baldwin v. Bd. of Sup'rs for Univ. of Louisiana Sys.*, 14-0827 (La. 10/15/14), 156 So. 3d 33, 37-38.

The agreement specifies it is governed by Louisiana law. Louisiana Civil Code article 3506 generally defines a successor as a person who takes the place of another, but distinguishes between universal successors and successors by particular title. A universal successor, such as an heir, universal legatee, or general legatee, represents the person of the deceased and succeeds to all his rights and charges. In contrast, a successor by particular title, such as a buyer, donee, legatee of a particular thing, or transferee, succeeds only to the rights appertaining to the thing sold, ceded, or bequeathed to him. La. Civ. Code art. 3506(28). A particular successor is not bound by the personal obligations of the transferor unless the obligation is assumed. However, real obligations are transferred to the universal or particular successor who acquires immovable property to which the obligation is attached. *See* La. Civ. Code art. 1764.

The Act of Exchange and Contribution establishes that Harvey transferred all of his right, title, and interest in immovable property described therein, to HHL in exchange for a 100% ownership interest in the company. However, the transfer is limited to the specific property described. The Act does not establish that HHL is Harvey's universal successor. Rather, pursuant to the Act, HHL is a transferee or successor by particular title.

As the successor by particular title, real obligations transferred with the property to HHL. The trial court found that the agreement did not create a real obligation, determining instead that the agreement was a personal services contract, enforceable only by the parties to the Agreement.

An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor. La. Civ. Code art. 1766. A real obligation is a duty correlative and incidental to a real right. La. Civ. Code art. 1763. That is, "[a] real right is a right that a person has in a thing, a matter of property law. A personal right is a right that a person has against another person to demand a

7

performance, a matter of the law of obligations." Yiannopoulos, 2 Louisiana Civil Law Treatise: Property, § 201 at 384 (4th ed. 2001). Stated another way, "The term 'real right' under the civil law defines the relation of man to things. A 'personal right,' on the other hand, defines a person's relationship to another person and refers merely to an obligation one owes to another." *Faulk v. Union Pac. R.R. Co.*, 14-1598 (La. 6/30/15) 172 So. 3d 1034, 1046 n.18.

After thorough review, we agree with the trial court that the agreement did not convey any real rights to the defendants. The agreement bound the defendants to render consulting services to the property owners. The agreement was not a charge on the property in favor of the defendants. Rather, the property was simply the subject of the agreement. *Compare Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So. 2d 131, 145-46 (finding a duck lease did not convey real rights); *Setliff v. Slayter*, 09-1512 (La. App. 3 Cir. 6/2/10), 38 So. 3d 1230, 1235, *writ denied*, 10-1532 (La. 10/1/10), 45 So. 3d 1104 (finding a property listing agreement created personal obligations).

As a successor by particular title, the personal obligations created by the agreement transferred to HHL only if assumed. *See* La. Civ. Code art. 1764. The Act of Exchange and Contribution whereby HHL acquired the immovable property from Harvey is the only evidence in the record as to rights transferred between the two. The Act does not establish that HHL assumed any obligations relative to the agreement.

The evidence does not establish that HHL is bound by the terms of the agreement as the defendants argue. The trial court correctly sustained the peremptory exception of no right of action.[3] However, Louisiana Code of Civil Procedure article 934 provides that if the grounds of the objection raised through a

---

[3] Considering this, we pretermit consideration of HHL's alternative argument that it is entitled to rely on the public records and deny HHL's answer to the appeal as moot.

8

peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. Code Civ. Pro. art. 934. Therefore, pursuant to Article 934, we reverse that portion of the trial court's judgment that dismissed the defendants' claims against HHL and remand this matter with instructions to allow the defendants the opportunity to amend their reconventional demand.

The defendants additionally challenge the trial court's ruling granting the plaintiffs' motion for a protective order. Trial court rulings or judgments pertaining to discovery issues are generally considered interlocutory in nature, and therefore, not subject to appeal. *McKenzie v. Imperial Fire & Cas. Ins. Co.*, 18-1325, 2019WL1578103, *2 (La. App. 1 Cir. 4/12/19). When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. *Bourg v. Safeway Ins. Co. of Louisiana*, 19-0270 (La. App. 1 Cir. 3/5/20), ___ So. 3d ___, ___ (2020WL1129689). In the case of a restricted appeal, an appellant may seek review of interlocutory judgments involving the same or related issues to the judgment on appeal. *See Carrollton Presbyterian Church v. Presbytery of South Louisiana of Presbyterian Church* (USA), 11-0205 (La. App. 1 Cir. 9/14/11), 77 So. 3d 975, 978-79, *writ denied,* 11-2590 (La. 2/17/12), 82 So. 3d 285, *cert. denied,* 133 S.Ct. 150, 184 L.Ed.2d 32 (2012).

A judgment that only partially determines the merits of the action is a partial final judgment and is only appealable if authorized by Louisiana Code of Civil Procedure article 1915. *Rhodes v. Lewis*, 01-1989 (La. 5/14/02), 817 So. 2d 64, 66. The judgment dismissing the claims against HHL is a partial final judgment that is appealable, without designation by the trial court, pursuant to Louisiana Code of

Civil Procedure article 1915A(1). However, the appeal is restricted to that partial final judgment and interlocutory judgments involving the same or related issues. The interlocutory judgment granting the protective order is not so interrelated to the judgment dismissing the claims against HHL such that it is subject to appellate review. Therefore, we do not consider the defendants' arguments related to the interlocutory judgment.

## CONCLUSION

The judgment of the trial court sustaining the peremptory exception of no right of action as to claims asserted in the reconventional demand against Harvey-Harrington Land, LLC, is affirmed. However, we reverse that portion of the judgment dismissing the claims against Harvey-Harrington Land, LLC, and remand this matter to the trial court with instructions that it allow an opportunity to amend the reconventional demand. The answer to appeal is denied as moot. Costs of this appeal are assessed to Dan S. Collins, DSC Associates, LLC, and Dan S. Collins, CPL & Associates, Inc.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; ANSWER TO APPEAL DENIED AS MOOT; REMANDED WITH INSTRUCTIONS.**

M. LEROY HARVEY, JR.,
WILLIAM T. JACKSON,
JOHN H. JACKSON, SUSAN J.
VIDRINE, M.L. HARVEY SR.
TRUST FOR M. LEROY HARVEY,
JR., AND CHILDREN, JACKSON
LAND COMPANY, LLC, JAMES F.
JACKSON, FRANCES J. STAFFORD,
LAURIE H. HARRINGTON, AND
M.L. HARVEY SR. TRUST FOR JAMES
F. HARVEY AND CHILDREN

VERSUS

DAN S. COLLINS, DSC ASSOCIATES,
LLC, AND DAN S. COLLINS, CPL &
ASSOCIATES, INC.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1356

**HOLDRIDGE, J., concurring in the result.**



I respectfully concur in the result from the majority opinion. I find that the appellants, and only the appellants, had the right to bring the reconventional demand containing the alleged cause of action against Harvey-Harrington Land, LLC (HHL). However, for the reasons expressed in the majority opinion, ultimately it does not appear that the appellants have a valid cause of action against HHL. Therefore, I agree that the matter should be remanded to the trial court to allow the appellants an opportunity to amend their reconventional demand to state a valid cause of action, if possible, in accordance with the legal principles expressed by the majority.